# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BERTRAM HARRISON, #29437-018, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19−cv−00509−JPG |
| | ) | |
| WILLIAM TRUE, | ) | |
| USP MARION, | ) | |
| and USA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Bertram Harrison, a federal inmate at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff complains of overcrowding at USP-Marion that has resulted in general delays in medical care, increased risk of infection, and increased risk of assault. (Doc. 1, pp. 1-21). Plaintiff is required to share his cell with two other individuals.[1] *Id*. at p. 6. He specifically seeks removal of the third bunk from each cell and money damages on behalf of inmates required to live in these conditions.[2] *Id*. at p. 7.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out

---

[1] Some cells contain an extra bunk bed to accommodate three inmates, and the third bunk prevents the cell doors in "triple cells" from closing. Curtains are used for privacy. *Id*.

[2] This request for relief suggests that Plaintiff may be attempting to bring a class action. He filed no motion for class certification, however, and "until certification there is no class action but merely the prospect of one." *Morlan v. Universal Guar. Life. Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). Moreover, he is proceeding in this matter *pro se*, and a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.

nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations summarized above, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at USP-Marion by housing him in a cell with two other inmates and exposing him to the risk of medical delays, infection, and assault.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim encompassed by the allegations in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

Plaintiff brings this action pursuant to both 42 U.S.C. § 1983 and 28 U.S.C. § 1331. He seeks relief for violations of his constitutional rights by federal officials. Section 1983 imposes tort liability on *state* actors, and sometimes their employers, for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). An action for damages for constitutional torts against *federal* officials is governed by Section 1331 and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's claims are appropriately brought under Section 1331 and *Bivens*, not Section 1983.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

With that said, both actions are "conceptually identical and further the same policies." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). Liability under both hinges on personal responsibility for a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (Section 1983); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) (*Bivens*). In both contexts, "an individual defendant must have caused or participated in a constitutional deprivation." *Id*. And courts often look to Section 1983 and its "decisional gloss" for guidance in construing the scope of the *Bivens* remedy. *Green*, 581 F.2d at 673.

A claim for unconstitutional conditions of confinement, whether brought pursuant to Section 1983 or *Bivens*, has an objective and a subjective component. To satisfy the objective component, a plaintiff must demonstrate that the prison officials knowingly denied him the "minimal civilized measure of life's necessities." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). These necessities include adequate shelter, clothing, and medical care, among other things. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). To satisfy the subjective component, a plaintiff must also demonstrate that officials acted with deliberate indifference to his health or safety. *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1879 (2017) (citing *Farmer v. Brennan*, 511 U.S. 825, 830, 834 (1994)).

The Complaint satisfies neither component. Plaintiff's general claims of overcrowding—which allegedly increases the risk of illness, infection, and injury—is unsupported by specific incidents when Plaintiff (or anyone else) was subjected to one of these deprivations. The allegations also offer no suggestion that the defendants responded to Plaintiff's complaints about the conditions with deliberate indifference. He names the United States, USP-Marion, and Warden True as defendants. However, the United States and USP-Marion are not proper defendants under *Bivens*. *See Ziglar v. Abbasi*, 137 S.Ct. at 1860 (*Bivens* claim is brought against the individual

official for his or her own acts and not the acts of others); *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996) ("[T]he point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States."). The allegations also articulate no plausible claim against Warden True, who had knowledge of the general conditions impacting inmates at the prison but no knowledge of a particular deprivation Plaintiff suffered. He identified no action or inaction on the part of this defendant that gives rise to liability. The *Bivens* claim in Count 1 shall be dismissed with prejudice against the United States and USP-Marion and without prejudice against Warden True.

The Complaint shall be dismissed without prejudice, and Plaintiff shall have an opportunity to replead his claim in an amended complaint. If Plaintiff chooses to amend, he should list the defendants who deprived him of his constitutional rights in the case caption. He should then "[s]tate . . . as briefly as possible, when, where, how, and by whom [his] constitutional rights were violated" by each defendant. (Doc. 1, p. 6). Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and the conduct giving rise to this action. Failure to comply with the instructions or deadline in this Order shall result in dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendants **UNITED STATES** and **USP-MARION** and **DISMISSED** without prejudice against Defendant **WILLIAM TRUE**. The Clerk of Court is **DIRECTED** to terminate the **USA** and **USP-MARION** as defendants in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 19, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00509-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution.  *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED: 7/22/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**